Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| MEDICAL CENTER PARKING ASSOCIATES LTD<br><br>Parte Recurrida<br><br>v.<br><br>ADMINISTRACIÓN DE SERVICIOS MÉDICOS DE PUERTO RICO<br><br>Parte Peticionaria | TA2026CE00060 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: SJ2025CV04155<br><br>Sala: 504<br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

### R E S O L U C I Ó N

En San Juan, Puerto Rico, a 30 de enero de 2026.

Comparece ante *nos*, la Administración de Servicios Médicos de Puerto Rico (ASEM o parte peticionaria), mediante un recurso de *certiorari* y nos solicita que revisemos la *Orden* emitida el 30 de junio de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante dicho dictamen, el foro primario declaró *Ha Lugar* la solicitud de remedios provisionales presentada por Medical Center Parking Associates, LTD (Parking Associates o parte recurrida) y, en consecuencia, ordenó a ASEM cesar y desistir de toda actividad relacionada con la construcción de un nuevo estacionamiento multipisos en el Centro Médico de Puerto Rico (Centro Médico).

Por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari* solicitado.

**I.**

Según surge del expediente, el caso de autos se originó el 16 de mayo de 2025, cuando Parking Associates instó una *Demanda Jurada* contra ASEM, al amparo de la Regla 57 de Procedimiento Civil (32 LPRA Ap. V). En su escrito, alegó que el 13 de julio de 1988 ASEM y Parking Associates otorgaron la Escritura Pública Núm. Cinco (5) de Arrendamiento, ante el notario público José Arbona Lago, sobre varios predios de terreno localizados dentro del complejo del Centro Médico.

Adujo que, mediante dicho negocio jurídico, Parking Associates se obligó a desarrollar, construir y administrar, a su propio costo, un estacionamiento multipisos en el predio denominado "*Parking Garage Site*". En consideración a que dicho proyecto no conllevaba costo alguno para ASEM, las partes pactaron que el arrendamiento tendría un término de cuarenta (40) años, contados a partir de la fecha del otorgamiento de la escritura. Asimismo, sostuvo que las partes pactaron un derecho de exclusividad a favor de Parking Associates para la construcción, operación y administración de cualquier nueva área de estacionamiento que se estableciera dentro del Centro de Médico.

Señaló que, a pesar de los términos pactados, el 26 de agosto de 2024 ASEM suscribió, junto a Caribe Tecno, un contrato para la construcción de un nuevo estacionamiento dentro del campus del Centro Médico, en contravención al derecho de exclusividad alegadamente existente su favor. Por tal razón, solicitó al foro primario que emitiera un *injunction* preliminar ordenando a ASEM detener inmediatamente todas las actividades relacionadas con la construcción del nuevo estacionamiento mientras se adjudicaba en sus méritos la controversia planteada y que, posteriormente, emitiera un *injunction* permanente ordenando el cese definitivo de

toda construcción, particularmente cuando esta se realizara mediante la contratación de un tercero.

Luego de varias incidencias procesales, el 30 de mayo de 2025, Parking Associates presentó una *Demanda Enmendada*, la cual fue autorizada mediante la *Orden* emitida el 2 de junio de 2025. Asimismo, instó una *Urgente Moción Solicitando Remedios Provisionales*.

Posteriormente, el 12 de junio de 2025, Parking Associates presentó una *Urgente Moción Reiterando Solicitud de Remedios Provisionales*. En esta, solicitó nuevamente que se ordenara, de forma *ex parte*, a ASEM cesar y desistir de toda actividad relacionada con la construcción de un nuevo estacionamiento multipisos en el campus del Centro Médico. A su vez, el 27 de junio de 2025, Parking Associates presentó un escrito suplementando su solicitud de remedios provisionales.

En atención a lo anterior, el 30 de junio de 2025, el foro primario emitió la *Orden* aquí impugnada. Mediante dicho dictamen, el tribunal de instancia declaró *Ha Lugar* la solicitud de remedios provisionales incoada por Parking Associates y, en virtud de la Regla 56.5 de Procedimiento Civil (32 LPRA Ap. V), emitió una orden *ex parte* dirigida a ASEM, ordenándole cesar y desistir de toda actividad relacionada con la construcción de un nuevo estacionamiento multipisos en el complejo del Centro Médico.

En desacuerdo, el 18 de julio de 2025, ASEM presentó una *Moción de Reconsideración y Solicitud de que se deje sin efecto de Orden al Amparo de la Regla 56.5 de Procedimiento Civil*. Alegó que la orden *ex parte* pretendía paralizar la construcción de un estacionamiento para empleados, sin uso comercial alguno, que no competía con la operación comercial de Parking Associates y que, aun de continuar la obra, esta no afectaría su operación comercial, toda vez que la finalización de la construcción y apertura del

estacionamiento estaban previstas para luego de la expiración del contrato. Arguyó, además, que la concesión de dicha medida fue prematura, pues Parking Associates no acreditó la existencia de perjuicios irreparables ni de circunstancias extraordinarias que justificaran la emisión de una orden sin vista. En consecuencia, solicitó que se dejara sin efecto la referida orden y que se señalara una vista en sus méritos.

Por su parte, el 7 de agosto de 2025, Parking Associates replicó mediante un escrito intitulado *Oposición a Moción de Reconsideración y Solicitud de que se deje sin efecto Orden al amparo de la Regla 56.5 de Procedimiento Civil*, en el cual afirmó que el dictamen impugnado fue emitido conforme a derecho.

El 11 de agosto de 2025, el foro primario dictó una nueva *Orden* tomando conocimiento de los escritos presentados y señalando vista para el 21 de agosto de 2025. Sin embargo, en la fecha pautada para la audiencia, ambas partes informaron que se encontraban sosteniendo conversaciones transaccionales con miras a alcanzar un acuerdo transaccional que pusiera fin a la totalidad de las controversias. En virtud de ello, el foro primario mantuvo vigente la orden de paralización y ordenó a las partes informar por escrito el resultado de dichas conversaciones.

Luego de varias incidencias procesales, el 5 de diciembre de 2025, las partes presentaron una *Moción Conjunta para Informar el Estado de las Conversaciones Transaccionales*. En esta, expusieron que, a pesar de los esfuerzos realizados, no habían logrado alcanzar hasta el momento un acuerdo y solicitaron que la vista pautada para el 15 de diciembre de 2025 se atendiera como una vista en su fondo para continuar con el proceso de remedios provisionales.

No obstante, el 12 de diciembre de 2025, el foro de instancia emitió una *Orden* informando que la vista pautada para el 15 de diciembre de 2025 se mantendría como una vista transaccional.

Celebrada dicha vista, el tribunal informó que estaría atendiendo la solicitud de reconsideración relacionada con la orden *ex parte* y señaló la vista evidenciaria sobre los remedios provisionales para el 23 de enero de 2026.

En consonancia con lo anterior, el 14 de enero de 2026, el foro de instancia dictó una *Resolución Interlocutoria* mediante la cual denegó la solicitud de reconsideración instada por ASEM.

En desacuerdo, el 15 de enero de 2026, la parte peticionaria compareció ante este foro revisor mediante *Recurso de Certiorari*, alegando la comisión de los siguientes errores:

> PRIMER ERROR: ERRÓ Y ABUS[Ó] DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL EJECUTAR Y SOSTENER MEDIANTE ORDEN EX PARTE UNA CLÁUSULA DE EXCLUSIVIDAD QUE ES ULTRA VIRES Y CONSTITUCIONALMENTE INEJECUTABLE, PARALIZANDO UNA OBRA PÚBLICA ADJUDICADA POR SUBASTA Y FINANCIADA CON FONDOS PÚBLICOS, EN ABIERTA CONTRAVENCIÓN DE LA SECCIÓN 9 DEL ARTICULO VI DE LA CONSTITUCIÓN DE PUERTO RICO

> SEGUNDO ERROR: ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL EJECUTAR Y SOSTENER, MEDIANTE ORDEN EX PARTE, UNA CLÁUSULA DE EXCLUSIVIDAD QUE ES ULTRA VIRES, CONTRARIA A LA LEY, A LA MORAL Y AL ORDEN PÚBLICO, E INCOMPATIBLE CON EL RÉGIMEN CONSTITUCIONAL Y JURISPRUDENCIAL DE LA CONTRATACIÓN GUBERNAMENTAL, PARALIZANDO UNA OBRA PÚBLICA ADJUDICADA POR SUBASTA Y FINANCIADA CON FONDOS PÚBLICOS, EN ABIERTA CONTRAVENCIÓN DE LA SECCIÓN 9 DEL ARTÍCULO VI DE LA CONSTITUCIÓN DE PUERTO RICO.

> TERCER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR Y SOSTENER UNA ORDEN EX PARTE QUE PARALIZA UNA OBRA PÚBLICA EJECUTADA POR EL CONTRATISTA CARIBE TECNO, CRL, SIN TRAERLO AL PLEITO NI DARLE OPORTUNIDAD DE SER OÍDO, EN VIOLACIÓN A LA DOCTRINA DE PARTE INDISPENSABLE Y AL DEBIDO PROCESO DE LEY.

Además, en la misma fecha, la parte peticionaria presentó una *Moción en Solicitud de Auxilio de Jurisdicción*.

Examinado el recurso de *certiorari* de epígrafe, junto con la solicitud de auxilio de jurisdicción, el 15 de enero de 2026, emitimos

una *Resolución* mediante la cual concedimos a la parte recurrida un término de cinco (5) días para expresar su posición respecto a la solicitud de auxilio de jurisdicción, así como un término de diez (10) días para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado.

En cumplimiento con lo ordenado, el 20 de enero de 2026, la parte recurrida compareció ante *nos* mediante escrito intitulado *Oposición a Moción en Solicitud de Auxilio de Jurisdicción.* Posteriormente, el 22 de enero de 2026, emitimos una *Resolución* mediante la cual denegamos la solicitud de auxilio de jurisdicción.

Así las cosas, el 26 de enero de 2026, Parking Associates instó ante este foro revisor su escrito en *Oposición a la Expedición del Auto de Certiorari.* Contando con el beneficio de las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari*

solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación,* 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News,* 151 DPR 649 (2000); *Lluch v. España Service Sta.,* 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza*

*Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra; SLG Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

### III.

Habida cuenta de que el recurso ante nuestra consideración se trata de un *certiorari*, este tribunal intermedio debe determinar, como cuestión de umbral, si procede su expedición. En el caso ante *nos*, es la contención del peticionario que incidió el TPI al ejecutar y sostener, mediante orden *ex parte*, una cláusula de exclusividad que es *ultra vires*, contraria a ley, a la moral y al orden público e incompatible con el régimen constitucional y jurisprudencial de la contratación gubernamental. Por último, argumenta que el foro primario erró al dictar y sostener una orden *ex parte*, la cual paraliza una obra pública ejecutada por el contratista Caribe Tecno, sin traerlo al pleito ni darle oportunidad de ser oído, en contravención a la doctrina de parte indispensable y debido proceso de ley.

Como es sabido, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* No debemos obviar que, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago, supra.*

Así, puntualizamos que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al., supra.* A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones del foro primario, de cuyas determinaciones se presume su corrección.

Luego de examinar detenidamente el recurso de epígrafe, así como el expediente ante nuestra consideración, concluimos que no

procede la expedición del auto de *certiorari* solicitado. Ello pues la intervención de este foro revisor, en la etapa procesal en que se encuentra el caso, resultaría prematura y contraria a los principios que rigen el ejercicio prudente de nuestra facultad discrecional.

Del expediente se desprende que el foro primario ha señalado una vista evidenciaria sobre los remedios provisionales para el próximo 10 de marzo de 2026, en la cual las partes tendrán la oportunidad de presentar prueba, exponer sus argumentos y controvertir los fundamentos que dieron lugar a la emisión de la orden *ex parte* al amparo de la Regla 56.5 de Procedimiento Civil, *supra.* En consecuencia, el foro recurrido aún no ha emitido una determinación final sobre la procedencia de la orden de cese y desista ni ha adjudicado en su totalidad la controversia ante su consideración.

En este caso, este foro revisor debe abstenerse de intervenir cuando el tribunal de instancia se encuentra en posición de atender y, de ser necesario, corregir cualquier alegado error, particularmente cuando ha señalado una vista evidenciaria que permitirá una adjudicación más completa y fundamentada. La existencia de una vista evidenciaria pautada torna innecesaria, en este momento, la intervención extraordinaria de este foro, ya que no se configura un fracaso irremediable de la justicia que justifique nuestra intervención. De intervenir ahora, estaríamos sustituyendo indebidamente la función adjudicativa del TPI y anticipando una controversia que aún no ha sido resuelta en sus méritos.

Así, es nuestra apreciación que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Los fundamentos aducidos en el recurso presentado no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una

determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. El peticionario tampoco nos ha persuadido de que, el aplicar la norma de abstención apelativa en este momento conforme al asunto planteado, constituirá un fracaso de la justicia. Por el contrario, la expedición del auto de *certiorari* propiciaría un fraccionamiento indebido del litigio, en lugar de adelantar la justa y eficiente administración de la justicia, pues el foro primario se encuentra activamente atendiendo el asunto y ha calendarizado los procedimientos correspondientes.

En estas circunstancias, y existiendo un remedio procesal inmediato ante el TPI, nos corresponde abstenernos de intervenir y permitir que el foro primario ejerza plenamente su función adjudicativa sin interferencias prematuras. Por tanto, resolvemos denegar el auto de *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuestos, *se* deniega la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones